UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM TROUT,

      Plaintiff,

   v.

SUMMIT FIRE & SECURITY LLC,

      Defendant,
_____/

Case No. 2:24-CV-00664-JLB-KCD

### **REPORT & RECOMMENDATION**

Plaintiff William Trout, proceeding without a lawyer, sues his former employer, Defendant Summit Fire & Security LLC. (*See* Doc. 1-2.)[1] According to Trout, it owes him nearly $2 million in unpaid commissions. (*Id.*)

Shortly after the case was filed, the parties agreed to arbitration. (Doc. 6.) It's been nearly a year, but the parties have yet to attend because Trout refuses to file a demand. (*See* Docs. 9, 10, 13, 14.)

In the interest of moving things along, the Court recently ordered Trout to state whether he intends to continue participating in this case. (Doc. 14.) The Court warned Trout that it would recommend his case be dismissed if he did not respond. (*See id.*) Despite the warning, Trout did not respond.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Ignoring the Court's order is grounds for dismissal. "A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." M.D. Fla. R. 3.10. Similarly, the Court has the "inherent power" to dismiss a case for lack of prosecution under its authority to manage its docket. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

Trout has not diligently prosecuted this case. He ignored the Court's order and refuses to file a demand for arbitration. These actions show a lack of interest. Thus, the Court should dismiss this matter without prejudice.

**Recommended** in Fort Myers, Florida on May 13, 2025.

Kyle C. Dudek
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.